(No. 41107.—

MELVIN A. HILDEBRAND, Appellant, *vs.* CATHERINE E. HILDEBRAND, Appellee.

*Opinion filed Sept. 24, 1968.—Modified on denial of rehearing Nov. 21, 1968.*

EMERSON BAETZ, of Alton, for appellant.

CHAPMAN, STRAWN & KINDER, of Granite City, (MORRIS B. CHAPMAN, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

The appellant, Melvin A. Hildebrand, was granted a divorce from his wife, Catherine E. Hildebrand, the appellee, on July 8, 1966, by the circuit court of Madison County. The Appellate Court for the Fifth District, on the appeal of the appellee here, reversed the decree and remanded the cause to the circuit court, holding that the wife's petition for a change of venue had been improperly denied. (87 Ill. App. 2d 218.) We granted the husband-appellant's petition for leave to appeal.

The appellant's complaint for divorce was filed on June 30, 1965. It alleged the appellee's desertion and asked that custody of their four-year-old child be awarded to the appellee subject to the appellant's being granted temporary visitation rights and custody of the child during the appellant's vacation period. On August 18, 1965, the appellee answered, denying the allegation of desertion and stating that temporary custody should not be granted to the appellant as the stability of the child would be adversely affected by undescribed habits of the appellant. The appellee also at that time filed a counterclaim charging the appellant with desertion and praying for custody of the child and other relief.

On April 20, 1966, a hearing was had, at which the appellee and another witness, called in her behalf, gave testimony. This testimony was offered to show that the appellant had left the appellee, had begun quarrels with her, had improperly associated with other women and that

he had a bad temper. At the conclusion of the hearing the trial court entered an order which stated in part:

"April 20, 1966. Case called on the merits regarding the claim and the counterclaim, but subject to presentation of further evidence regarding all matters concerned. Witnesses sworn, evidence heard. Cause on the merits taken under advisement. Custody of the minor child, Mary Elizabeth Hildebrand, awarded temporarily to the defendant-counterplaintiff, Catherine E. Hildebrand, with visitation awarded to the plaintiff-counterdefendant, Melvin A. Hildebrand, from 2:00 o'clock p.m. until 8:00 o'clock p.m. Sunday of each week until further order, outside the defendant-counterplaintiff's residence, but subject to such places as are consistent with the welfare of the child. Plaintiff-counterdefendant ordered to pay $50.00 a month for child support until further order of this court. All other questions reserved * * *.

"Case continued to July 11, 1966, without further notice."

On May 12 the appellee moved to vacate the order of April 20 which gave visitation rights to the appellant or, alternatively, to limit further such rights. The trial court set the motion for hearing on June 3. On June 2 the appellant asked that a citation be issued and that the appellee be required to show cause why she should not be held in contempt because of her failure to respect the court's order of April 20 pertaining to his rights of visitation. The trial court on June 3, stating that the appellee's motion to vacate raised "matters outside the record [and] being unsupported by affidavit or witnesses," denied the motion and ordered a citation to issue returnable on June 10.

The appellee on June 8 moved again to vacate the order of April 20, alleging that the trial court's denial on June 3 of her earlier motion had been arbitrary and that she had been deprived of an opportunity to be heard on the motion

to vacate. On the following day she filed a petition for a change of venue pursuant to the Venue Act (Ill. Rev. Stat. 1967, chap. 146, par. 1 *et seq.*), alleging the prejudice of the trial court. The petition declared that the court's prejudice came to her knowledge on June 7. The trial court on June 10 denied the petition for the change of venue as not having been timely and found the appellee in contempt of court for her wilful failure to comply with the visitation order.

On June 27, on the motion of the appellee, her counterclaim was dismissed, and thereafter, following the taking of several days of testimony, the trial court awarded the appellant a divorce.

It is the contention of the appellant that the petition for a change of venue was not timely and that it was properly denied by the circuit court.

The question presented here is whether the appellee who, with another witness called by her, had given testimony in support of her counterclaim, might thereafter properly seek a change of venue on the ground of the trial judge's prejudice.

It is clear that the appellee's request was untimely and that her petition was properly denied. Such a petition is not timely if it is presented after a hearing has commenced in which the court has considered a substantive issue in the cause. (See *People* v. *Chambers,* 9 Ill.2d 83; *Comrs. of Drainage Dist.* v. *Goembel,* 383 Ill. 323.) Here, the appellee offered completely the merits of her counterclaim prior to seeking the transfer of the case to another judge. It was not contemplated that a litigant under the Venue Act (Ill. Rev. Stat. 1967, chap. 146, par. 1 *et seq.*) might have a hearing on the merits and, having had an opportunity to form an opinion that the trial court might be unfavorably disposed toward his cause, then charge the court with prejudice as a basis for a change of venue.

Accordingly, the judgment of the appellate court is re-

versed and the cause is remanded to it for a consideration of the other questions presented in the appeal that have not yet been passed upon by that court.

*Reversed and remanded, with directions.*