WALTER LINDE, Plaintiff-Appellant, *v*. ROSS S. WELCH, Defendant-Appellee.

First District (5th Division)    No. 79-2299

Opinion filed April 10, 1981.

Brody, Gore & Fineberg, Ltd., of Chicago (Michael H. Berman, of counsel), for appellant.

Ross S. Welch, of Chicago, for appellee, *pro se*.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff slipped on a small patch of ice and fell down the front stairs of defendant's apartment building in January of 1976. The jury at the resulting trial returned a general verdict in favor of defendant and, responding to a special interrogatory, declared that plaintiff was guilty of contributory negligence.

The issues on appeal are whether the court erred in instructing the jury and whether the jury's determinations are against the manifest weight of the evidence.

During a two-year period, plaintiff used those steps between 70 and 75 times. The day he was injured, plaintiff wore "dress shoes" with leather soles. The front stairs were completely clear of ice the first few times plaintiff used them that day. But, when the temperature reached the low 30's, water dripped from icicles hanging from the gutter that ran above the stairs. Small patches of glaze formed on the top steps in the hour or two between when plaintiff last entered and left the building that day.

It is argued that "[c]omplete review of the record, fails to disclose one shred of evidence to show plaintiff failed to exercise ordinary care for his own safety at the time of the occurrence and the finding of the jury on the special interrogatory is * * * against the manifest weight of the evidence and the law." But, during cross-examination of plaintiff, there were these exchanges:

"Q. Why didn't you see [the ice] on your way down the steps?
A. Because first of all, I probably didn't look for it * * *.

* * *

Q. You looked down at the first step and also the second step?
A. Well, I looked down at the stairs in general. I certainly didn't look at each step."

The complaint accuses defendant of negligently permitting an unnatural accumulation of ice to form on the steps as a result of an allegedly rusted out and leaky gutter. According to the defense, the gutter was frozen solid with ice and the glaze on the steps was a natural accumulation which formed when snow on the roof melted and overflowed the gutter.

Defendant was at the scene both the day of the accident and a day or two later. Initially, when questioned by plaintiff's counsel, he testified that he had seen no icicles hanging from the gutter. But, in his discovery deposition, defendant admitted seeing icicles. At another point in his trial testimony, defendant explained that there had been some icicles hanging from the gutter. Because of the initial discrepancy, plaintiff tendered a jury instruction on impeachment by prior inconsistent statements. (Illinois Pattern Jury Instructions, Civil, No. 3.01 (2d ed. 1971) (hereinafter IPI).) The court refused the instruction on the grounds that the initial discrepancy was immaterial, and that there was no dispute that the glaze on the steps formed because of dripping icicles hanging from the gutter. The main dispute was whether these were "unnatural" leaky-gutter icicles or "natural" frozen-gutter-overflow icicles.

Despite plaintiff's objections, the court gave non-IPI instructions which stated: (1) if the ice upon which plaintiff slipped was a natural accumulation, the verdict should be for defendant; and (2) if the ice came

from leaks in the bottom of the gutter, it was an unnatural accumulation, but if the ice formed from overflow of the gutter, the accumulation was natural.

OPINION

■■ ■ A plaintiff's contributory negligence bars his negligence action. (*Freeman v. White Way Sign & Maintenance Co.* (1980), 82 Ill. App. 3d 884, 403 N.E.2d 495.) Normally, the issue of contributory negligence is a question of fact for the jury. (*Hartgraves v. Don Cartage Co.* (1976), 63 Ill. 2d 425, 348 N.E.2d 457.) When a jury deciding a negligence case answers a special interrogatory by finding that plaintiff was contributorily negligent, the special finding controls over a general verdict for plaintiff. (*Phillips v. Shell Oil Co.* (1973), 13 Ill. App. 3d 512, 300 N.E.2d 771; Ill. Rev. Stat. 1979, ch. 110, par. 65.) Although the special finding will not be permitted to stand if it is against the manifest weight of the evidence (*Phillips v. Shell Oil Co.*), errors which have no tendency to affect or produce the special finding will not be considered on appeal. (*Vischer v. Northwestern Elevated R.R. Co.* (1912), 256 Ill. 572, 100 N.E. 270.) For example, in *Vischer*, a personal injury action, there was a verdict of not guilty and a special finding that none of defendant's employees was negligent. The court held that errors which could not have influenced the jury in answering the special interrogatory were harmless because the special finding was conclusive on the right of recovery. (*Vischer v. Northwestern.*) Therefore, a special finding on a dispositive issue eliminates from an appeal every alleged error which has no bearing on the controlling issue. (*Draper v. Petrea* (1909), 147 Ill. App. 164.) And, as the court explained in *Tuller v. Fox* (1892), 46 Ill. App. 97, 100:

> "When it can be known from the special findings what the jury determined to be the true state of the facts, then a reviewing court will apply the rules and principles of the law to the facts thus found, and if the general verdict of the jury is the same that the law would pronounce upon the facts, the verdict is right and must stand, though erroneous instructions were given, provided the court can see that the error in the instructions did not contribute to lead[ing] the jury to the special findings of fact."

■■ In the present case, the special finding of contributory negligence is conclusive unless it is against the manifest weight of the evidence, or unless the other alleged errors had a tendency to influence the jury's deliberations on the special interrogatory.

■■ Plaintiff fell down the outdoor stairs of defendant's building in January while wearing "dress shoes" with leather soles. He testified that he didn't see the ice because he "probably didn't look for it" and that he only looked generally at the stairs instead of looking at each step. It was

permissible for the jury to conclude, based upon the facts of this case, that (1) plaintiff failed to look for ice before descending; (2) a reasonably prudent person would have been more careful in checking the steps for ice; and (3) this lack of ordinary care was a proximate cause of the accident. We conclude that the jury's finding of contributory negligence is not against the manifest weight of the evidence.

An instruction on the use of prior inconsistent statements could have influenced the jury in this case only on the issue of defendant's credibility; it could not have affected the determination that plaintiff was contributorily negligent. Likewise, the non-IPI instructions only dealt with the issue of how the ice accumulated and could not have affected the jury's determination that plaintiff failed to act as a reasonably prudent person when he descended the stairs—no matter what caused the ice to form. Consequently, we conclude that the alleged errors in instructing the jury were harmless.

For the preceding reasons, the judgment is affirmed.

Affirmed.

MEJDA and WILSON, JJ., concur.