*In re* MARRIAGE OF TOSSIE L. PRUITT, Petitioner-Appellee, and DAVID EUGENE PRUITT, SR., Respondent-Appellant.

Fourth District · No. 17054

Opinion filed November 19, 1981.

Rod J. Pitts, of Smith, Larson & Pitts, Ltd., of East Alton, for appellant.

Gail R. Gisy, of Suddes, Davis & Wittman, P. C., of Jerseyville, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

The petitioner, Tossie Pruitt, filed a petition in the circuit court of Greene County for the dissolution of her marriage to the respondent, David Pruitt. The circuit court entered a judgment dissolving the marriage on April 25, 1979, and on February 10, 1981, the court entered an order disposing of the property held by the parties. The respondent now appeals the trial court's order of distribution of property and the denial of his motion for a change of venue.

The parties were married in 1974. There were no children born or adopted by the parties, but each had children by a previous marriage. Prior to their marriage, the parties were each living in his own mobile home. Upon their marriage, respondent sold his mobile home, and he and his children moved into the petitioner's mobile home. As the living quarters were cramped, the parties then moved onto a farm owned by the petitioner's parents in the spring of 1975. About one year after the parties had moved onto the property, petitioner's parents conveyed the property to respondent and petitioner as joint tenants. The farm consisted of about 5.7 acres, a farmhouse and some out-buildings. The farmhouse was in disrepair and the parties performed extensive remodeling to the farmhouse and subsequently mortgaged the property.

At the hearing on distribution of property, two witnesses testified as to the present value of the farm property. One witness had appraised the value of the farm at $27,600, and the other witness had appraised the

value of the farm at $32,000. At the time of the hearing, $18,700 of mortgage indebtedness remained outstanding. The petitioner testified that she had contributed $5,600 of her own money toward remodeling the farmhouse. The respondent declined to say precisely how much money he had brought to the marriage, but believed it was about $1,500. The petitioner had worked as a nurse during most of the marriage. The parties' earnings for the years 1975 through 1978 were fairly equal. In July 1978 the respondent was injured while lifting some soft drink cylinders which resulted in serious and permanent injury to his back. As a result, he has undergone several back surgeries and is considered disabled and unable to work. At the time of the hearing, the respondent's sole income was $540 per month in social security disability benefits. The petitioner's net income was $741 per month as a registered nurse. Social security disability payments are also available in the amount of $89 per month to the respondent's two children from his prior marriage and the petitioner's three children from her previous marriage.

The trial court found that all personal property of the parties, both marital and nonmarital, had been equally divided among the parties, with the exception of farm machinery still located on the farm. The trial court awarded the 5.7 acres of farmland together with the house and improvements to the petitioner with petitioner to assume all indebtedness on the farm. The petitioner was ordered to pay the respondent $4,800 in full satisfaction for all claims for maintenance and property rights. The respondent was also awarded all the farm machinery.

The respondent contends on appeal that he did not receive a just proportion of the marital property, that he should have been awarded periodic maintenance, that the trial court failed to assign to him his nonmarital property, and that his request for a change of venue subsequent to the hearing on the grounds for dissolution but prior to the hearing on property distribution should have been granted as a matter of law. We affirm the judgment of the circuit court.

The issue we deem to be the most significant is whether the respondent was entitled, as a matter of law, to a change of venue when petitioning the trial court subsequent to the hearing on grounds for dissolution but prior to proceeding to the hearing on property distribution.

Section 1 of the Venue Act provides in pertinent part that:

"A change of venue in any civil action may be had in the following situations:

\* \* \*

(2) Where any party or his attorney fears that he will not receive a fair trial in the court in which the action is pending, because \* \* \*. In any such situation the venue shall not be changed except

upon application, as provided in this Act, or by consent of the parties." Ill. Rev. Stat. 1979, ch. 110, par. 501.

Section 3 of the Act provides:

"Every application for a change of venue by a party or his attorney shall be by petition, setting forth the cause of the application and praying a change of venue, which petition shall be verified by the affidavit of the applicant. A petition for change of venue shall not be granted unless it is presented before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case, provided that if any grounds for such change of venue occurs thereafter, a petition for change of venue may be presented based upon such grounds." Ill. Rev. Stat. 1979, ch. 110, par. 503.

■■ The long-established rule is that a party's petition for change of venue must be timely so that a litigant will not be permitted first to form an opinion that the trial court might be unfavorably disposed towards his cause, and then charge the court with prejudice as the basis for a change of venue. *Hildebrand v. Hildebrand* (1968), 41 Ill. 2d 87, 242 N.E.2d 145.

In the case at bar, the respondent relies on section 403(e) of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1979, ch. 40, par. 403(e).) Respondent argues that section 403(e) requires that dissolution proceedings must be on a bifurcated basis and therefore, his petition for change of venue prior to proceeding to property distribution was timely. Respondent believes that since the division of property cannot be based upon marital misconduct, the hearings are separate and the distribution of property hearing constitutes a new proceeding.

■■ The parties have cited no authority as to this precise issue, nor are we aware of any. However, we reject the respondent's argument and hold that when a trial judge has ruled upon the grounds for dissolution but has yet to conduct a hearing as to property distribution, the judge has ruled upon a substantial issue in the case and a litigant is not absolutely entitled to a change of venue.

Section 403(e) provides that contested trials be on a bifurcated basis to provide a cooling off period and to encourage amicable property settlement. Section 403(e) does not contemplate that a property hearing constitutes a new or separate proceeding. The parties may waive the 48-hour period and proceed immediately to trial. In default cases, the trial as to all remaining issues proceeds immediately.

■■ We conclude that a litigant may not test the water at the dissolution hearing, forming an opinion that the trial court might be unfavorably disposed towards his cause, and then charge the court with prejudice as the basis for a change of venue to which he is absolutely entitled.

The respondent also maintains that he did not receive a fair division

of the marital property. The respondent's primary objection seems to be that the trial judge failed to consider the farm as marital property. We find no merit in respondent's argument. The trial court had allowed testimony of the petitioner's father that he had only wanted to convey the farm to petitioner, but at petitioner's insistence the farm was conveyed to the parties as joint tenants. However, there is no indication in the record that the trial judge considered the farm to be anything but marital property. The written order expressly notes that the farm was conveyed to the parties in joint tenancy and the respondent was to execute a quitclaim deed to the petitioner for his interest in and to the marital property.

Averaging the two appraised values of the farm, the parties' equity in the farm is about $12,000. The petitioner had contributed $5,600 of nonmarital funds toward remodeling the farmhouse, and respondent had contributed about $1,500 of nonmarital funds. Each party's contribution to the marriage appears fairly equal in that both parties worked receiving about the same amount of income and each also spent time and labor in remodeling the farmhouse. The respondent was awarded $4,800 plus all of the farm machinery still located on the farm. The value of the farm machinery is entirely unclear as respondent presented no testimony as to its value, and petitioner could only guess that the farm machinery was worth from $2,500 to $3,000.

■■■ While a just division of marital property is mandated, just division does not necessarily mean an equal division. (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 411 N.E.2d 238.) We find no abuse of discretion in division of the marital property.

■■ Nor did the trial court err in not awarding the respondent periodic maintenance. The respondent primarily points to his disability and that his only income is his social security disability benefits. He maintains that the physical condition of the parties is a primary consideration under section 504(b)(5) of the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1979, ch. 40, par. 504(b)(5).) However, that factor is but one of several in section 504(b) for the trial court to consider in establishing the amount and duration of maintenance and only after the trial court makes a finding that the spouse seeking maintenance is entitled to it after considering section 504(a). At the time of the hearing, the petitioner's net income was $741 per month. Additionally, petitioner has three daughters from her previous marriage to provide for. Section 504(b)(6) requires that the trial court consider the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance. We conclude that under the circumstances of this case, the trial court did not abuse its discretion in denying respondent periodic maintenance. Additionally, we note that apparently,

although the trial court's order is unclear, respondent was awarded maintenance in gross. The written order reflects that respondent be paid a sum of $4,800 plus all farm machinery, "in full and complete satisfaction of all claims for maintenance and for all claims of property rights that the respondent could or might have in and to the real estate and personal property * * *."

■■ Finally, we must also reject respondent's argument that the trial court failed to assign to him his nonmarital property. His testimony was that some tools belonging to him are still at the farm and he would like to have them back. The trial court's written order reflects that the parties had previously divided all the personal property. However, the petitioner testified that while there were still some tools at the farm, the respondent had informed her that he had received everything he wanted. The trial court apparently relied upon the testimony of the petitioner that the parties had received whatever personal property they desired, and we will not disturb that decision.

In view of the foregoing considerations, the judgment of the circuit court is affirmed.

Affirmed.

GREEN and LONDRIGAN, JJ., concur.