KATHERINE KITTLE, Plaintiff-Appellant, *v.* MARION LISS, d/b/a Slim & Chips Tap, Defendant-Appellee.

Third District   No. 81—662

Opinion filed August 17, 1982.—Rehearing denied September 29, 1982.

Mark Novak and Nat P. Ozmon, both of Anesi, Ozmon, Lewin & Associates, Ltd., of Chicago, for appellant.

Douglas J. Pomatto and Duncan B. Cooper, III, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Katherine Kittle was injured when she slipped on a small patch of ice near the top of a stairway and fell down the five steps at the main entrance of the Slim and Chips Tap in La Salle, Illinois, at about 2:15

a.m. on January 12, 1979. She filed suit against the owner of the tavern, Marion Liss, and after summary judgment was entered for the defendant Liss, she perfected this appeal.

In addition to the pleadings, the trial court had before it the evidence depositions of both plaintiff and defendant. It is from those depositions that the detailed circumstances surrounding the accident can be ascertained for the purposes of this appeal.

Plaintiff was a 25-year old single woman who worked second shift at Sundstrand Corporation in La Salle where she was a bench inspector, a job that required her to inspect and lift various parts of motors. When she finished her shift on January 11, she picked up her sister at the home of friends, and the two women went to the Slim and Chips Tap in La Salle. Plaintiff had been there several times before, and four or five of her co-workers were present that night as they often were. Plaintiff and her sister entered the tavern about midnight and remained until shortly after 2 a.m. During the two-hour period, plaintiff drank two glasses of Mogen David wine on ice. She had had nothing to drink previously that day and had last eaten about 10 p.m. during a break at work.

When the women entered the tavern, the entrance was lit by a street light on a pole 10 or 15 feet from the entrance and by a Hamm's Beer sign located just above and to the side of the door. Although there was snow on the ground, plaintiff does not recall noticing any snow or ice on the steps leading up to the door. When plaintiff left about 2:15 a.m., the Hamm's Beer sign was turned off, and the top of the stairs seemed dark although the street light was still on and the bottom of the stairway appeared to be better lit. Plaintiff started to descend the stairs, holding on to the railing, but on the second step from the top her foot slipped on a patch of ice about 6 inches in diameter, and she fell down the stairs, landing on her knees on the concrete sidewalk at the bottom.

She was helped to her feet by her sister and two friends. She looked back at the steps to see where she slipped and she could see the patch of ice, although she had not been able to see it when she started to come down the stairs. She went to work the next day, and tried to continue working the next week, but the pain from her knee injuries prevented her from continuing. She eventually had to have surgery on one knee and has not been able to return to work.

Defendant Marion Liss stated that the primary illumination for the main entrance to the tavern was from the Hamm's Beer sign, although the street light also provided light for the front of the tavern. Defendant said he usually closed up, that he always insisted that the

patrons leave by 2 a.m. and that he turned out the beer sign after the patrons had left. He indicated that he was required by law to close by 2 a.m., and if the sign were left on after 2 a.m., the police and public would think the tavern was still open. He stated that as a safety precaution, he always left the beer sign on until all the patrons had gone down the stairs. He also said that plaintiff does not drink, and that she usually came to the tavern just for conversation, and that she was served "straight orange juice." The defendant also stated he was not present and did not close the tavern on the night in question. Defendant recalled that it had snowed during the day of January 11, that he had shoveled the steps about 6 or 7 p.m., that after he removed the snow he noticed a thin layer of ice under the snow, and that he removed the ice as best he could by putting on calcimite to dissolve the ice.

Plaintiff argues upon appeal that there were two questions of fact presented by the pleadings and depositions that required this cause to proceed to trial: (1) whether there was an unnatural accumulation of ice on the step where plaintiff slipped, and (2) whether defendant breached his duty to illuminate the stairway to warn his invitees of the existence of ice.

■■ Under the law of Illinois, a property owner is not liable for injury incurred by a business invitee in a fall on an icy sidewalk maintained by the property owner for the use of its customers where the condition is a natural one and not caused or aggravated by the owner, and there must be some affirmative showing by the plaintiff that the snow or ice was an unnatural accumulation or that the owner aggravated a natural condition before the owner will be liable. (*Byrne v. Catholic Bishop* (1971), 131 Ill. App. 2d 356, 266 N.E.2d 708.) Here there is no affirmative showing that the ice was anything other than a natural accumulation under the snow. Hence, there was no question of fact for the jury as to whether the ice was of natural or unnatural origin.

Plaintiff next contends that the defendant breached the duty to provide illumination of the steps at the entrance to a place of business by not providing reasonable warning of a known hazardous condition to business invitees. In *Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 196 N.E.2d 396, the plaintiff was injured when he fell over some loose bricks in a brick walk leading from the steps at the front door of a tavern to the city sidewalk. The court recognized that the operators of a tavern have a duty to provide invitees with a safe means of ingress and egress and held that this duty required proper illumination of the area or otherwise adequate warning to invitees of a known

dangerous condition. The court concluded, "Whether their failure to do so is the conduct of reasonably prudent persons is characteristically a question of fact for the jury ***." 46 Ill. App. 2d 25, 32, 196 N.E.2d 396, 399.

Defendant argues that this case is controlled by the holding in *Newcomm v. Jul* (1971), 133 Ill. App. 2d 918, 273 N.E.2d 699, where the majority of this court held that a restaurant operator was under no duty to warn by way of illumination against hazards which were the result of natural accumulations of ice and snow on the sidewalk between the front door and the parking lot. That case was decided upon the premises that a business owner is not liable for injuries caused by natural accumulations of ice or snow, and therefore the owner is not required to warn of the presence of natural accumulations of ice or snow. But *Newcomm* involved a level sidewalk, not a stairway, as a means of ingress and egress, and thus lighting in the area was not as necessary to customer safety as it is in the case at bar. We interpret *Newcomm* as recognizing that natural accumulations of ice do not impose liability upon business operators, but we believe the decision does not relieve commercial enterprises of their primary legal duty to provide a safe means of ingress and egress to their business invitees. (See, *e.g.*, *Newcomm* (Alloy, J., dissenting) (allegations of failure to illuminate or insufficient lighting surrounding commercial enterprises raise questions of fact from which jury must decide whether negligence can be found).) A stairway which is concealed or difficult to adequately see or which is in a dangerous condition has recently been held to present a question for the jury as to whether the defendant restaurant had breached its duty to give proper warning of hidden dangers to its invitees. (*Allgauer v. Le Bastille, Inc.* (1981), 101 Ill. App. 3d 978, 428 N.E.2d 1146.) We believe the same is true in the case at bar.

■■ Defendant's duty to provide a reasonably safe means of ingress and egress from his place of business for the use of his patrons is not abrogated by the presence of an accumulation of ice or snow which is natural. In the circumstances of this case the businessman still must provide adequate lighting for a stairway. It is not disputed that the primary means of illuminating the entrance stairway was a Hamm's Beer sign which had been turned off before plaintiff left the premises. It had been snowing earlier in the day, and defendant had observed and attempted to remove ice from the stairs. Plaintiff slipped and fell on a patch of ice on the steps which she could not see in the dark at the top of the stairs. We believe that these facts are sufficient to present a triable issue of fact for the jury as to the ade-

quacy of the lighting. The jury also may well consider whether plaintiff's late departure (after 2 a.m.) was condoned by defendant. We, therefore, reverse the judgment entered in the trial court, and remand this cause for further proceedings.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.