BURTON GILBERG, Plaintiff-Appellant, *v.* TOYS "R" US, INCORPORATED, Defendant-Appellee.

First District (2nd Division)   No. 83—1795

Opinion filed July 24, 1984.

Berry & Gore, of Chicago (Alan M. Katz and Gregory R. Sun, of counsel), for appellant.

E. Garnet Fay, of O'Brien, Hanrahan, Wojcik & Fay, of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff slipped and fell on a 1 foot by 2 feet patch of ice in defendant's parking lot. His complaint claimed that defendant's tortious conduct in allowing ice to accumulate in a depression in the pavement was the proximate cause of his injuries. The circuit court denied plaintiff's request for a change of venue, found no evidence that the patch was an unnatural accumulation of ice and granted defendant's motion for summary judgment. Plaintiff appeals, claiming: (1) the change of venue was erroneously denied; (2) summary

judgment was erroneously granted; (3) defendant breached its duty to warn plaintiff of the ice; and (4) the natural-accumulation rule should be abolished in light of the adoption of comparative fault.

The pleadings, affidavits, depositions and photographs on file indicate plaintiff noticed no ice in the lot prior to his fall but thereafter noticed 3% to 5% of the lot was covered with ice patches. Defendant's assistant manager deposed that she noticed no ice during her morning inspection of the lot and may have instructed the patch to be salted after the accident. She received no other complaints about nor knew of any other similar accidents occurring in the lot. The day was bright and clear, and it had not snowed in the previous 24-hour period. No warning signs were posted regarding ice patches.

The only evidence of the source of the ice was plaintiff's averment that the ice accumulated in a depression and that there were no drains in the area. In defendant's assistant manager's deposition, she recalled water drains situated in the parking lot, but not whether any were nearby. She suggested a natural accumulation of melting snow may have formed the quarter-inch thick ice patch. The affidavit of a registered professional engineer stated that the grading plans for defendant's lot conformed with local engineering standards.

A hearing commenced on June 2, 1983, to consider defendant's motion for summary judgment. The circuit judge referred the parties to "selected citations," requested additional research and continued the hearing to June 16, 1983. At the subsequent hearing, plaintiff filed an emergency motion for change of venue, asserting he would not receive a fair trial because of the judge's prejudice against his attorneys. That motion was denied and the summary judgment motion granted upon finding that there was no evidence regarding the origin of the ice, cause of the depression, defect in the design of the parking lot or notice to defendant that the condition existed.

Plaintiff argues that the circuit court erred in failing to grant a change in venue. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1001.) According to the circuit court's memorandum of its decision dated June 30, 1983, the summary judgment motion was initially heard on June 2, 1983. At that time the court referred "selected citations" to both counsel, asked them to find case law as to other questions and "made a substantial ruling or made a statement on its position on the merits ***" of the case. For these reasons it considered plaintiff's petition "untimely." No transcript of the June 2, 1983, hearing has been submitted as part of the record on appeal and no contradiction of the court's recollection appears of record. Under these circumstances, the court's memorandum will be deemed accurate. *Investors Shelter Corp.*

*v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786.

■■ ■ Merely granting a continuance from June 2, 1983, to June 16, 1983, without more, could not constitute a substantial ruling in the case. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1001(c).) In denying the motion for the venue change here, however, the court asserted that it had indicated its attitude toward the summary judgment motion during the June 2, 1983, hearing, which is buttressed by its having referred the parties to "selected citations" and having requested additional research by the parties. Among the cases referred to counsel at that hearing was *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 416 N.E.2d 10. The circuit court there was affirmed as having properly found as a matter of law that a puddle of water caused by a depression in a CTA station pavement was nonactionable in the absence of an affirmative showing that the subject accumulation of water was due to unnatural causes. An inference may be fairly drawn from the foregoing circumstances that the court did indeed reveal its probable disposition of the case at this hearing. The statute does not contemplate the transfer of venue where a hearing has commenced on a substantive issue in the case, the petitioning litigant had an opportunity to form an opinion that the court might be unfavorably disposed toward his cause, and such litigant thereafter charges the court with prejudice as the ground for a change of venue. (*Hildebrand v. Hildebrand* (1968), 41 Ill. 2d 87, 90, 242 N.E.2d 145; *Commissioners of Drainage District No. 1 v. Goembel* (1943), 383 Ill. 323, 328, 50 N.E.2d 444; *In re Marriage of Pruitt* (1981), 101 Ill. App. 3d 755, 428 N.E.2d 732.) Under the facts presented in the case *sub judice*, the denial of plaintiff's petition was in conformity with law.

■■ Elements necessary to be shown affirmatively in order to recover in slip-and-fall cases are that the accumulation of ice, snow or water is due to unnatural causes and that the property owner had actual or constructive knowledge of the condition. (*Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450 N.E.2d 824; *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495.) A finding of an unnatural or aggravated natural condition must be based upon an identifiable cause of the ice formation. *Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450 N.E.2d 824 (leaky roof); *Linde v. Welch* (1981), 95 Ill. App. 3d 581, 420 N.E.2d 490 (leaky overhead structure); *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16 (slope of parking lot); *Wolter v. Chicago Melrose Park Associates* (1979), 68 Ill. App. 3d 1011, 386 N.E.2d 495 (surface irregularities in parking lot deviating from specified standards); *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534

(improper drain placement); *Stroyeck v. A. E. Staley Manufacturing Co.* (1960), 26 Ill. App. 2d 76, 167 N.E.2d 689 (improper sidewalk construction).

■ In the present case, there is no record evidence showing the origin of the ice, cause of the depression, or defective design of the parking lot. Plaintiff need not prove his case at a summary judgment hearing (*Technical Representatives, Inc. v. Richardson-Merrell, Inc.* (1982), 107 Ill. App. 3d 830, 833, 438 N.E.2d 599); nevertheless, he must present some facts to show the origin of the ice was unnatural or caused by defendant (*Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 1070, 307 N.E.2d 449; *Byrne v. Catholic Bishop* (1971), 131 Ill. App. 2d 356, 358-59, 266 N.E.2d 708). Here, no facts were shown indicating that the ice patch was other than a natural accumulation. There was, therefore, no genuine, triable issue of material fact presented to the circuit court; summary judgment was properly entered. Defendant's knowledge of the condition is not in issue, therefore.

Plaintiff also maintains defendant had a duty to warn invitees of scattered and unobservable ice patches, citing *Kittle v. Liss* (1982), 108 Ill. App. 3d 922, 439 N.E.2d 972. *Kittle*, however, involved a business invitee who slipped on a natural accumulation of snow and ice on an unlighted staircase. The appellate court reversed the entry of summary judgment for the property owner and remanded, identifying a triable issue of fact as to whether the owner provided adequate lighting in accordance with his duty to provide a reasonably safe means of ingress and egress from his place of business. Here, defendant kept the parking lot clear by hiring a snow-removal service; only 3% to 5% of the parking lot's surface was covered with ice patches; and the incident occurred on a clear day.

■ We are also urged to abolish the natural accumulation rule just as contributory negligence was abolished. The slip-and-fall cases arising after the adoption of comparative negligence, however, have not explicitly rejected the natural accumulation rule but have required that plaintiff's conduct be compared to that of defendant in causing the unnatural or aggravated natural condition at issue. (*Williams v. Alfred N. Koplin & Co.* (1983), 114 Ill. App. 3d 482, 487, 448 N.E.2d 1042; *Kittle v. Liss* (1982), 108 Ill. App. 3d 922, 439 N.E.2d 972.) Furthermore, unlike the doctrine of contributory negligence, the natural accumulation rule does not exonerate a defendant from liability if there is evidence that his negligence, along with the plaintiff's negligence, contributed to the plaintiff's injuries. There is no basis here upon which to abolish the natural accumulation rule.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DOWNING and O'CONNOR, JJ., concur.