MICHAEL C. RUSH, Plaintiff-Appellant, v. SIMON & MAZIAN, INC., Defendant-Appellee (Worth Bank and Trust Company, Defendant).

First District (5th Division)   No. 86—1884

Opinion filed August 21, 1987.

Tom Leahy and Stephen Phalen, both of Leahy & Donovan, of Chicago, for appellant.

Orner & Wasserman, Ltd., of Chicago (Esther Joy Schwartz, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, Michael C. Rush, from a summary judgment order in a negligence action involving an allegedly defective sidewalk. Defendant, Simon & Mazian, Inc., is the managing agent of the apartment complex within which the sidewalk is located. The facts indicate that on January 1, 1982, plaintiff slipped and fell at the intersection of two perpendicular sidewalks within the complex, fracturing his right shoulder. The complaint alleged that defendant was negligent in failing to remove ice and snow from its property. Defendant answered and denied the allegations. In February 1983, plaintiff filed an amended complaint and, subsequently, filed two deposition notices—one for the "manager" of the complex and one for Ronald S. Simon—in May 1983 and August 1983. However, no depositions were ever taken of these persons. Defendant deposed plaintiff and two eyewitnesses, Dennis Carroll and Clarence Wallin, and thereafter, in January 1985, filed a motion for summary judgment supported by these depositions.

In plaintiff's deposition, he stated that as he and two friends, Carroll and Wallin, were walking from his mother's apartment in the same complex to his apartment, he slipped and fell on ice covered by a light layer of snow. The walks had been shovelled but were covered lightly with freshly fallen snow. The general scene was shown in exhibit 1 attached to plaintiff's deposition. Plaintiff said that he fell approximately an equal distance between his mother's building and his building. However, Wallin stated that plaintiff fell closer to his apartment building. All three deponents stated that plaintiff fell on ice on the sidewalk, although none of them noticed the ice until after the fall. Plaintiff, in describing the area stated:

"Q. How big an ice patch was it?
A. It's hard to say.
Q. Was it a patch, or did it cover the entire sidewalk?
A. I believe it covered the whole intersection."

Wallin stated that the whole sidewalk between the two apartment buildings was ice-covered. Carroll did not know how large an area was ice-covered. In his deposition, plaintiff asserts that there was a

dip in the sidewalk where he fell and that rainwater had collected in the dip before, on, and after the date of his fall.

Plaintiff filed a tardy response to defendant's summary judgment motion with no affidavits, but did attach a photograph of the area labelled exhibit B. In his response, plaintiff never requested a continuance to complete discovery nor did he complain of a lack of cooperation by defendants. However, during the hearing on the motion, he attempted to file a supplemental counteraffidavit attempting to authenticate the exhibit B photograph as an indication there was a depression in the sidewalk. In granting summary judgment for defendant, the trial court found that plaintiff did not show that the ice resulted from anything other than a natural accumulation. The court struck exhibit B as insufficient under Supreme Court Rule 191(a) (87 Ill. 2d R. 191(a)) and also denied plaintiff leave to file the supplemental counteraffidavit.

Thereafter, plaintiff filed a motion of reconsideration asking the trial court to vacate the summary judgment order and requested permission under Rule 191 to file plaintiff's supplemental counteraffidavit and another counteraffidavit, signed by plaintiff's attorney, seeking delay of the reconsideration hearing until Ronald Simon and his maintenance manager could be deposed, on the basis of their alleged hostility to plaintiff's cause. Plaintiff also claimed that questions of fact were raised as to the origin of the ice so as to preclude summary judgment. After briefings and oral argument, the trial court permitted plaintiff to file the supplemental counteraffidavit pursuant to Rule 191(a) but found that it laid an insufficient foundation to consider the photograph (exhibit B) as evidence of a defect in the sidewalk at the time of plaintiff's fall. Exhibit B was admitted into evidence for the limited purpose of showing the location of plaintiff's fall. Additionally, the court found that the counteraffidavit signed by plaintiff's counsel was insufficient in form and content as required by Supreme Court Rule 191(b). (87 Ill. 2d R. 191(b).) Subsequently, the trial court reentered summary judgment in favor of defendant.

On appeal plaintiff alleges that (1) a material issue of fact exists as to whether the sidewalk intersection ice was an unnatural accumulation; (2) the trial court erred in entering summary judgment prior to the completion of adequate discovery; and (3) it was error to rule that plaintiff's foundation was insufficient to consider exhibit B as evidence of a defect in the sidewalk.

We affirm for the following reasons.

■ There are two key factual situations that must be shown in order to recover in a slip and fall on ice case on which plaintiff failed

to meet his burden of proof. First, plaintiff did not show that the accumulation of ice causing his fall was due to an unnatural cause, and secondly, it was not shown that defendant had knowledge of the alleged defect. It is well-settled Illinois law that to recover in such a case, an injured party must show that the accumulation of ice, snow, or water was due to unnatural causes and that the landowner had actual or constructive knowledge of the condition. (*Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 557, 467 N.E.2d 947.) In this case, the only evidence presented to indicate an unnatural accumulation is plaintiff's deposition testimony that there was a dip at the intersection where he fell. That is not enough. There must be a showing as to the origin of the ice, cause of the depression, or a defective design. (126 Ill. App. 3d 554, 557, 467 N.E.2d 947.) Plaintiff merely attempted to show that the ice accumulated unnaturally by means of a photograph (exhibit B) showing a puddle of water at the sidewalk intersection. There was no evidence showing the origin of the ice or the cause of the depression, *e.g.*, faulty construction, natural causes, or bad design, as required by law. *Bakeman v. Sears Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 1070, 307 N.E.2d 449.

■ In such cases where recovery has been allowed, a finding of an unnatural or aggravated natural condition was based on an identifiable cause of the ice formation. (*Lapidus v. Hahn* (1983), 115 Ill. App. 3d 795, 450 N.E.2d 824 (leaky roof); *McCann v. Bethesda Hospital* (1980), 80 Ill. App. 3d 544, 400 N.E.2d 16 (architect designed excessive slope); *Fitzsimmons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534 (improper drain placement).) In the present case, since plaintiff did not identify how the ice was formed or present evidence as to the form or cause of the alleged depression, he failed to meet the requisite burden of proof. Furthermore, there were discrepancies in the deposition testimony even as to the area covered by ice. Neither was there any evidence as to the defendant's knowledge of the alleged defect. Therefore, the trial court properly entered summary judgment for defendant since there was no triable issue of material fact presented.

■ Plaintiff next contends that it was error for the trial court not to allow him to complete his discovery by deposing two of defendant's employees. It was not until February 1986, three years after plaintiff's fall and after the trial court had granted summary judgment for defendant, that plaintiff attempted to compel production of the employees for depositions. In his motion for reconsideration of the summary judgment order, plaintiff submitted a purported Rule 191(b) affidavit (87 Ill. 2d R. 191(b)), signed by his attorney, requesting per-

mission to depose hostile witnesses. Supreme Court Rule 191(b) provides that a party seeking additional facts in a summary judgment proceeding must submit an affidavit naming persons from whom he can obtain affidavits concerning additional facts, showing why the affidavits cannot be obtained, and stating what the party believes the person would testify to as to such matters and the reasons for his belief. The court may, among other things, grant a continuance to permit affidavits to be obtained. 87 Ill. 2d R. 191(b).

Plaintiff did not comply with the rule. First, the affidavit should have been filed by a party, not by a party's attorney. (See *Koukoulomatis v. Disco Wheels, Inc.* (1984), 127 Ill. App. 3d 95, 99, 468 N.E.2d 477 (affiant must be a party to the action).) Furthermore, the motion to compel the depositions and delay the reconsideration hearing came too late. A party who fails to follow the procedures set out in Rule 191(b) until after summary judgment is granted cannot complain of an inability to conduct discovery before summary judgment was ordered. (*Rogers v. Robson, Masters, Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 471, 392 N.E.2d 1365.) Additionally, the affidavit did not name the maintenance manager nor did it state what the affiant believed the deponents would testify to if sworn, with reasons for his belief. The affidavit only stated that the two witnesses, employees of defendant, were hostile, that the condition of the sidewalk was a fact crucial to the litigation, and that the employees had knowledge of the condition. Rule 191(b) requires facts, not conclusions. (*Kosten v. St. Anne's Hospital* (1985), 132 Ill. App. 3d 1073, 1079, 478 N.E.2d 464.) A statement that the witnesses knew of the condition is a conclusion, not a fact. The crucial fact is whether defendant had knowledge of an unnatural condition. As previously indicated, the mere fact that the sidewalk was depressed does not necessarily make it an unnatural condition. For these reasons, the trial court properly found that the Rule 191(b) affidavit was insufficient.

■ Plaintiff's final argument concerns the trial court's ruling that a photograph (exhibit B) of the scene was inadmissible because of the lack of a sufficient foundation. The photograph depicted the area of the fall but did not depict any snow or ice. It showed a puddle of water but no actual depression was evident. The court did not permit the photograph to be used as evidence of a defect, but did admit it for the limited purpose of showing the area where plaintiff fell. A photograph to be admissible as evidence of a defect must depict the scene in substantially the same condition as it was at the time of the event. (*Casson v. Nash* (1978), 74 Ill. 2d 164, 170, 384 N.E.2d 365.) Plaintiff's supplemental counteraffidavit was not sufficient to lay a founda-

tion as to the condition of the sidewalk on the date of his fall. Accordingly, the trial court properly refused to admit the photograph as evidence of an unnatural accumulation of ice, an essential element of plaintiff's case.

For the above reasons, this court affirms the trial court's granting of summary judgment for defendant.

Affirmed.

SULLIVAN, P.J., and LORENZ, J., concur.