JANICE WEBER, Plaintiff-Appellant, v. CHEN ENTERPRISES, INC., d/b/a Crabhouse Restaurant, Defendant-Appellee.

First District (5th Division)   No. 1—88—1623

Opinion filed June 16, 1989.

James Paul Costello, Ltd., of Chicago, for appellant.

Modesto, Reynolds & McDermott, of Chicago (Gregory G. Lawton, of counsel), for appellee.

JUSTICE COCCIA delivered the opinion of the court:

On February 6, 1985, plaintiff Janice Weber, together with her friend, were patrons of defendant's restaurant. Weber brings this suit for damages resulting from the serious personal injuries which she allegedly sustained while traversing defendant's parking lot on her way back to their car following dinner. She alleges that her injuries were proximately occasioned by inadequate lighting, causing her to slip and fall due to a hazard found in defendant's parking lot, which consisted of a natural accumulation of ice or snow. The fall took place in the darkness of night, save for the existence of some illumination in the parking lot, which she alleges to have been inadequate. She further claims that because of the inadequacy of illumination she was unable to see and discover the presence of the potential hazard, and that as a proximate cause of such alleged inadequate illumination she fell and sustained severe injuries.

Defendant asserted that the existence of the natural accumulation of the ice or snow was, in fact, the defect which occasioned the plaintiff to fall, and it predicated its motion for summary judgment principally on this theory. The defendant additionally claimed that since the ice or snow involved arose from a natural accumulation, there was no duty to warn against such hazards.

The trial court agreed with the defendant and, based on the authority of *Newcomm v. Jul* (1971), 133 Ill. App. 2d 918, 273 N.E.2d 699, and *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 416 N.E.2d 10, granted the restaurant's motion for summary judgment.

We respectfully disagree with the trial judge and reverse and remand this cause for trial. It is our view that there exists a genuine issue of material fact in this case, thus rendering summary judgment inappropriate. Plaintiff is entitled to have her cause of action tried by a jury in order that they may resolve the true issue of this case, that of whether the existing illumination in the parking lot at the time of plaintiff's fall was inadequate to permit her to discover the hazard which occasioned her fall, and that such alleged inadequacy was the proximate cause of her fall and serious injuries.

It is not accurate to assume that the underlying cause of action is predicated upon a claim for injuries arising as a result of a slip and

fall on a natural accumulation of ice or snow. The charge against the defendant is that the parking lot, wherein plaintiff and her friend were legally and properly parked for the purposes of enjoying a dinner at defendant's restaurant, was so inadequately illuminated that the plaintiff could not and did not discern the hazards which caused her to slip and fall. The existence of allegedly inadequate illumination, which if substantiated as a proximate cause of her fall, removes defendant from the safeguard of claiming that the law does not afford the plaintiff a remedy for injuries occasioned as a consequence of slipping on a natural accumulation of ice or snow.

It is our view that the holding in *Walker* is clearly distinguishable and consequently inapplicable to our case. In *Walker* the court held that there was no duty, and consequently no liability, for injuries sustained as a result of the presence of naturally accumulated water. There is no argument with this concept. The *Walker* case, however, never dealt with the issue of whether inadequate illumination precluded the discovery of the hazard, namely the natural accumulation of water. Rather, the underlying issue went to the question of whether the floor, allegedly sloped and uneven, permitted the unnatural accumulation of water. The *Walker* court dismissed this theory for the reason that there was no expert testimony introduced in support thereof.

The majority of the court in *Newcomm* adhered to the principle that absent any evidence that the ice or snow was the result of an unnatural or artificial accumulation thereof, the only inference was that it was a natural accumulation, and if so defendant was under no duty to warn against the hazards thereof, by way of illumination or otherwise. Thus, it could not have been a proximate cause of plaintiff's injuries.

We disagree with the *Newcomm* majority for the reason that it assumed that the underlying cause of action was based upon a natural accumulation of ice or snow. This is simply not the fact in our case. The cause of action here is based on alleged inadequate lighting as the proximate cause of plaintiff's fall and subsequent injuries. We agree with the dissent in *Newcomm*, which argued that the majority's conclusion was inconsistent with precedent in this State, and inconsistent with the theory upon which that case was tried.

In our case, plaintiff's companion attested to the existence of poor lighting in the parking lot where their car had been parked. The plaintiff in her answers to written interrogatories swore to the truth of the fact that there was evidence of poor lighting in the parking lot. Further, in her deposition, plaintiff attested to the fact that at the

time of the fall it was dark out, and there was only one light illuminating the parking lot, and it was located in the back of the corner of the building. She testified that she did not see the patch of ice upon which she slipped, as it was dark.

In the face of this evidence, it was clear that the plaintiff was entitled to present these facts to a jury of her peers so that they could hear, weigh, and determine the credibility of her evidence, and evaluate whether it supported her theory regarding the adequacy of the illumination. There was no credible evidence of adequate illumination introduced by the defendant in support. of its motion for summary judgment. Defendant relied solely on the concept that the presence of a natural accumulation of ice or snow cannot give rise to a valid cause of action regardless of the existence of adequate or inadequate illumination.

Summary judgment is an important tool in the administration of justice. Its use in a proper case, in which no genuine issue as to any material fact is present, is to be encouraged. The benefits of summary judgment in a proper case inure not only to the litigants, in the saving of time and expenses, but to the community in avoiding congestion of trial calendars and the expense of unnecessary trials. (*Allen v. Meyer* (1958), 14 Ill. 2d 284, 292, 152 N.E.2d 576, 580.) We simply do not believe that the instant case is proper for invoking summary judgment, as a material issue of fact exists requiring reversal.

The court in *Wysocki v. Bedrosian* (1984), 124 Ill. App. 3d 158, 164, 463 N.E.2d 1339, 1344, reviewed the leading principles regarding summary judgment procedure:

> "A motion for summary judgment is proper where the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. [Citation.] *The extreme nature of the summary judgment remedy requires that the trial court exercise extraordinary diligence in its review of the record so as not to preempt the right to a trial by jury or the right to fully present the factual basis for a claim. [Citation.] The trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. Summary judgment should be granted only when the party's right to it is clear and free from doubt. [Citations.] *** On appeal, the court will reverse an order granting summary judgment if it determines that a material issue of fact exists and that the moving party is not entitled to judgment as a*

*matter of law.* [Citation.]" (Emphasis added.)

We call attention to *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 199 N.E.2d 769, which ratifies an age-old theorem to the effect that common law liability can arise from the negligent performance of a voluntary undertaking. Thus defendant acted as a volunteer in illuminating the parking lot. Having done so, when arguably it had no such duty, it is then held responsible to discharge the undertaking with due care and not to do so negligently.

In holding as we do, we are mindful of our decisions in *Rush v. Simon & Mazian, Inc.* (1987), 159 Ill. App. 3d 1081, 513 N.E.2d 100, and that of *Burke v. City of Chicago* (1987), 160 Ill. App. 3d 953, 513 N.E.2d 984. We find them distinguishable. Neither the *Rush* nor *Burke* case was concerned with the issue of the adequacy of illumination. Although both cases are concerned with motions for summary judgment, the decisions seek to enforce the theory that defendants are under no duty to protect the plaintiff where only natural accumulations of ice or snow are present. In *Rush* the trial court found that plaintiff did not show that the ice resulted from anything other than a natural accumulation. In addition, the *Rush* court found that plaintiff's theory was legally and procedurally wanting. The reasoning in both the *Rush* and *Burke* cases does not suffer whatsoever as a result of the holding in our case as neither of them is concerned with our issue of the adequacy of illumination of a parking lot, undertaken voluntarily by the restaurant owner in an attempt to illuminate hazards, including the natural formations of ice or snow.

It is interesting to note that *Burke* actually supports our position as it refers with favor to the case of *Sims v. Block* (1968), 94 Ill. App. 2d 215, 236 N.E.2d 572. The *Sims* court held a landowner liable for a gratuitous undertaking which created a physical hazard that ultimately caused injury. Further, *Burke* supports the concept that the negligent performance of a gratuitous undertaking imposes liability for injuries proximately resulting therefrom.

Plaintiff is entitled to her day in court. Her responsibilities include establishing that the illumination was indeed inadequate, which fact proximately occasioned her injury. We accordingly reverse and remand this cause for trial in accordance with the views expressed herein.

Reversed and remanded.

MURRAY, P.J., and LORENZ, J., concur.