MAUREEN JOHNSON, Plaintiff-Appellant, v. SEARS, ROEBUCK & COMPANY, Defendant-Appellee.

First District (6th Division)   No. 1—88—1842

Opinion filed July 21, 1989.

Bryan J. O'Connor III and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Kathleen M. Krist, of counsel), for appellant.

Arnstein & Lehn, of Chicago (Arthur L. Klein, Kurt J. Heinz, and C. Vincent Maloney, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Maureen Johnson, appeals from a trial court order entering summary judgment for defendant, Sears, Roebuck & Company, in this slip and fall case.

On December 10, 1983, plaintiff slipped and fell on an accumulation of "water, snow, mud and other foreign substances" inside the entrance of a Sears store in Freeport, Illinois. On March 12, 1984, she filed a complaint alleging that Sears negligently allowed the substances to accumulate, failed to warn invitees of the hazard, and failed to provide floor mats in the store. Sears filed an answer denying any negligence.

Defendant's husband stated in affidavits and at a deposition that several bags of garden soil, one of which was broken and from which dirt was spilled, were piled next to the entrance. There was a layer of mud on the sidewalk coming from the area of the soil bags and leading to the entrance. He saw dirt and mud on the floor where his wife fell. He also believed that piles of snow placed next to the entrance caused an unnatural accumulation of slush and mud because of the manner in which the lot had been plowed. Eyewitnesses Lyle and Karen Koehler also testified at depositions that the substance was tracked in from the parking lot. Plaintiff's husband stated at his deposition that he could not say what caused the fall.

Plaintiff filed an amended complaint alleging a violation of paragraph 401.12 of the National Building Code, and alleging that Sears had plowed and negligently piled snow along the walkways leading into the store. Plaintiff maintained that the muddy substance accumulating outside the store entrance was an unnatural condition.

In its motion for summary judgment, Sears argued that water or snow tracked into the store by individuals constituted a natural accumulation of water or snow from which no warning was necessary. Sears pointed to plaintiff's deposition testimony that the water was tracked in from a slushy parking lot. Sears filed an affidavit of Pa-

trick Sanders, its employee, that Sears did not stock or sell garden soil in December 1983.

■ While a landowner is not liable for injuries resulting from natural accumulations of ice and snow, it may be liable for unnatural or artificial accumulations or where the owner aggravates a natural condition. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 519 N.E.2d 1160.) Thus, a storeowner has no duty to remove tracks left by customers who have walked through natural accumulations of snow, slush or water. (*Bernard v. Sears, Roebuck & Co.* (1988), 166 Ill. App. 3d 533, 519 N.E.2d 1160; *Lohan v. Walgreens Co.* (1986), 140 Ill. App. 3d 171, 488 N.E.2d 679.) In order to withstand a motion for summary judgment, plaintiff must establish that an unnatural accumulation of ice and snow existed and that defendant was responsible for the condition.

Plaintiff, her husband, and the Koehlers all testified that there was dirty water, slush or mud on the floor where plaintiff fell. While there had been several inches of snow on the ground, it was not snowing on the day that plaintiff fell. The key here is the origin of the wet substance.

In conflict with Sanders' affidavit, plaintiff's husband testified regarding several bags of garden soil piled next to the entrance. One bag had been broken open and the dirt was scattered across the sidewalk, creating a layer of mud. The mud in turn permitted additional puddles of water to accumulate, through which the customers were forced to walk in order to enter the store. See *Fanning v. Lemay* (1966), 78 Ill. App. 2d 166, 222 N.E.2d 815, *mod. on other grounds* (1967), 38 Ill. 2d 209, 230 N.E.2d 182 (storeowner subject to liability where it knew that water tracked in by customers on top of the asphalt tile which, upon becoming wet, is very slippery and dangerous, and therefore whether defendant's failure to place mats on floor was negligent was a jury question).

Defendant's reliance on *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328, is misplaced. In *Kimbrough*, plaintiff alleged she slipped on a ramp outside defendant's store, and that the ramp had grease spots on it, but she stated repeatedly that she did not know why she fell. This court held defendant was entitled to summary judgment because plaintiff failed to show that *some* condition caused her fall and that the condition was caused by defendant. In contrast, in the present case, plaintiff expressly states that the cause of her fall was the substance which defendant negligently permitted to accumulate and remain in the entranceway.

■ We conclude that the affidavit of plaintiff's husband as to the

728

garden soil is sufficient to withstand a motion for summary judgment. Plaintiff should be permitted to present her evidence to a trier of fact to resolve the genuine issue of material fact as to whether or not the conditions at the store entrance were natural. We hold that the trial court erred in entering summary judgment in favor of defendant.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for further proceedings consistent with the holdings contained herein.

Reversed and remanded.

QUINLAN and LaPORTA, JJ., concur.