DONNA McCARTHY, Plaintiff-Appellant, v. HIDDEN LAKE VILLAGE CONDOMINIUM ASSOCIATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—0960

Opinion filed July 25, 1989.

William J. Sneckenberg & Associates, Ltd., of Chicago (William J. Sneckenberg and Benjamin E. Alba, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold and William E. Spizziri, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

This action arises from a fall sustained by the plaintiff, Donna McCarthy, on the driveway at 1066 Hidden Lake Drive in Buffalo Grove, Illinois. Defendant, L & F Maintenance Company (L & F), which provided snow removal services for the driveway, was awarded summary judgment against plaintiff, who now appeals.

From September 1983 through July 1985, plaintiff resided at the above address in a condominium owned by her fiance located in a development controlled by the Hidden Lake Villiage Condominium Association (the Association), which maintained the driveways and common walks. The Association had an oral contract with L & F for snow plowing whenever there was a snowfall of two inches or more. In his deposition, the owner of L & F testified that he was satisfied with the performance of a particular job if he could see the concrete on the entire driveway.

On January 24, 1984, L & F plowed the driveway in front of the garage at 1066 Hidden Lake Drive. Three days later, plaintiff backed her car out of the garage and onto the driveway; she then stopped the car, and got out in order to close the garage door. Steadying herself on the car, she walked alongside it up to the garage door, a distance of about 18 inches. She closed the door and was returning to her car when she slipped and fell.

Plaintiff fell when she was next to the left front wheel of her car, in an area of the driveway adjacent to the lawn upon which L & F had pushed the snow, thereby creating snow banks. According to plaintiff's deposition testimony, she was not walking on a flat plowed surface, but was on the edge of a snow and ice embankment which extended "six to twelve inches into the driveway itself *** [and] had the snow been pushed over another eight to twelve inches, the sloping edge wouldn't have been there; and it would have been a flat surface."

Defendant moved for summary judgment on two grounds: first, that it was under no duty to remove unnatural accumulations of ice and snow, and second, that plaintiff's sole cause of action was limited to the Association.

Plaintiff's response to L & F's motion for summary judgment in-

cluded the affidavit of Henry L. Mikolajczyk, an architect for nearly 50 years and professor of architecture at the University of Illinois at Chicago since 1949. Mikolajczyk's opinion was that the failure to plow the driveway from end to end contributed to the unnatural accumulation of snow and ice which was present at the time of plaintiff's fall, and that this unnatural accumulation caused her fall. Mikolajczyk reviewed the National Weather Service reports, which indicated that during the three days preceding plaintiff's fall, the temperature fluctuated above and below the freezing point, until it remained below the freezing point on the day of her fall. He concluded that this weather pattern would have caused the embankments to alternately melt and refreeze, thereby forming an unnatural accumulation of ice in the area where plaintiff fell.

The trial judge granted summary judgment against plaintiff, holding that "no duty was owed by defendant L & F Maintenance Company to plaintiff to clear the entire driveway of snow and ice."

Section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par 2—1005) provides that summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is a remedy to be awarded with some caution so as not to preempt the right to a jury trial or the right to fully present the factual basis of a case wherein a material dispute may exist. (*Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 149-50, 240 N.E.2d 699.) Moreover, a motion for summary judgment raises the primary issue of whether the nonmovant has presented any evidence giving rise to a genuine issue of material fact. (*Malawy v. Richards Manufacturing Co.* (1986), 150 Ill. App. 3d 549, 570, 501 N.E.2d 376, *appeal denied* (1987), 114 Ill. 2d 547, 508 N.E.2d 729.) And although summary judgment is an expeditious method of disposing of a lawsuit, it should be allowed only when the right of the moving party is clear and free from any doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867.) The court must consider all of the evidence before it and construe such evidence strictly against the movant and liberally in favor of the nonmovant. *Purtill*, 111 Ill. 2d at 240.

Plaintiff argues that the record here indicates that she had to hold on to her car to steady herself on an ice and snow embankment in the area that she customarily used to walk back and forth from her car to the garage; that the pathway she used was the only way she could reasonably be expected to get to and from her garage door; that the

embankment extended 6 to 12 inches into the driveway, and had it been pushed farther into the lawn she would not have been forced to walk on the embankment; that defendant's president admitted that proper plowing required exposure of all of the concrete in a driveway, from which it can be reasonably inferred that the driveway had to be plowed end to end; and that there was evidence of a temperature pattern that would have caused snow embankments unnaturally created by defendant to alternately melt and refreeze during the days prior to plaintiff's fall, thereby causing unnatural accumulations of ice, as her expert opined.

Plaintiff suggests that all of the foregoing evidence raises a fact question as to whether the manner in which defendant plowed the driveway created the unnatural accumulation that caused her fall. Yet, plaintiff states, the trial court decided that she had no factual basis that would arguably bar summary judgment and erroneously concluded that, as a matter of law, there was "nothing in the record to indicate that the plowing was negligent."

The following was the basis for the trial court's conclusions:

> "I don't see the duty at all upon L & F to plow to such a fashion that it has to be past the line of the door, particularly where apparently, she said if she slipped anywhere, it would have been in the tire track which has to be in the area within the garage door. To put the burden of every plower of snow to make sure there is nothing left on the entire driveway, I think is unreasonable, because otherwise we would say that there may be always liability when we have a 20 inch snow fall or a one inch snow fall or one snow fall that follows another, where it's almost physically impossible if anyone knows or lives in the northern climate to get snow piled up on top of snow in such a fashion that there's nothing else at all left on a driveway or sidewalk."

The question of the existence of a legal duty is one of law to be decided by the court, while the question of whether a duty was properly performed is a question of fact to be determined by the trier of fact. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 328 N.E.2d 538.) In *Schoondyke v. Heil, Heil, Smart & Golee, Inc.* (1980), 89 Ill. App. 3d 640, 643, 411 N.E.2d 1168, this court, in quoting from *Durkin v. Lewitz* (1954), 3 Ill. App. 2d 481, 491, 123 N.E.2d 151, which in turn quoted from *Goodman v. Corn Exchange National Bank & Trust Co.* (1938), 331 Pa. 587, 590, 200 A. 642, 643, stated:

> " ' "It may be stated as a general rule that there is no absolute duty to keep outside steps free from ice or snow at all

times. Where the precipitation is recent or continuous, the duty to remove such obstruction as it forms cannot be imposed, and the dangers therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible. It is only when the owner or possessor having a duty to remove snow and ice, improperly permits an accumulation thereof to remain after a reasonable length of time for removal has elapsed, that liability may arise for the unsafe and dangerous condition thereby created." ' "

In *Schoondyke*, plaintiff brought an action against defendants for injuries she sustained on the premises where she resided in a condominium unit owned by her parents, alleging that her injuries were caused by defendants' failure to remove ice and snow from the common sidewalk on which she slipped and fell. This court reversed the trial court's award of summary judgment to defendants, rejecting their argument that they owed no duty of snow removal to plaintiff because they had no contract with her. The court went on to hold that "because defendants, by virtue of the declaration of condominium and condominium bylaws, have voluntarily assumed a duty of snow removal not imposed upon them by common law, defendants owed a duty to plaintiff herein to remove natural accumulations of snow and ice." 89 Ill. App. 3d at 645.

In *Tressler v. Winfield Village Cooperative, Inc.* (1985), 134 Ill. App. 3d 578, 481 N.E.2d 75, plaintiff sued her landlord for negligent failure to comply with a covenant to remove snow. In following *Schoondyke*, the appellate court reversed the trial court's grant of summary judgment in favor of defendant, and stated: "[A] question concerning breach of a duty, whether the defendant exercised reasonable care, is a matter for the trier of fact. *** We cannot say that the defendant exercised due care as a matter of law." 134 Ill. App. 3d at 581.

As can be readily seen, both *Schoondyke* and *Tressler* involved a failure to plow at all, not defective plowing as charged by plaintiff in the case at bar and by the plaintiff in *Burke v. City of Chicago* (1987), 160 Ill. App. 3d 953, 513 N.E.2d 984. In *Burke*, defendant, City of Chicago, leased certain portions of Midway Airport to Northwest Airlines under a lease agreement in which the city agreed "to keep the airport free from obstruction, including the removal of snow *** as reasonably as may be done." The city had hired two contractors to remove snow by means of plowing at the airport. On the day of the evening on which Burke slipped, fell, and was injured, snow had fallen in excess of two inches, but prior to Burke's fall, snow removal equip-

ment had plowed the area in which he fell, and no more snow had fallen since that time. However, what remained after the plowing had turned to ice. It was further shown that the city had previously spread sand and urea after snowplowing even though there was no contractual obligation to do so. The court distinguished *Schoondyke* and *Tressler* from the facts with which it was presented, noting that no plowing had occurred in either of those cases, but because there had been plowing in *Burke*, the court found that such plowing would have to be shown to have been defective in order to show a breach of duty. The court further found that to find defective plowing, it would have to conclude that the city had a duty to remove all snow. The court found that such a duty had not been assumed as the lease provided for the removal of snow "as reasonably as may be done."

As the court did in *Eichler v. Plitt Theatres, Inc.* (1988), 167 Ill. App. 3d 685, 521 N.E.2d 1196, *appeal denied* (1988), 122 Ill. 2d 573, 530 N.E.2d 243, we find that the holdings in *Schoondyke* and *Tressler* are not diminished by *Burke*, for the *Burke* court as we have just noted above, distinguished those two cases on the facts with which it was presented. In *Eichler*, the court affirmed summary judgment for those defendants who contracted for removal of snow only, and reversed summary judgment for those defendants who contracted for the removal of snow and ice in a case where plaintiff slipped and fell on ice in a theatre parking lot. The court, in holding that only those defendants who contracted to remove ice owed a duty to remove it, remanded the cause for trial on the issue of whether the defendants had complied with their duty to remove all of the ice that was reasonably removable, which is precisely the issue that faced the trial judge in the case at bar—a genuine issue, we are constrained to hold, of material fact, which, as *Eichler*, could not properly be resolved in a summary judgment proceeding.

■ Here, plaintiff presented evidence that she had to support herself by holding on to her car as she trod on and between a snow and ice embankment in the area that she customarily used to get to and from her garage door and her car; that the pathway she used was the only way she could reasonably be expected to get from her car to her garage and vice versa; that the embankment extended 6 to 12 inches into the driveway, and had it been pushed further into the lawn she would not have been forced to walk on the embankment. Defendant contractor's deposition testimony is that the procedure his employees would follow and which was followed in this case was to push the snow directly into the lawn from the driveway; that he would inspect the job after plowing "to see if it was done properly"; by "done

properly" he meant that he would be able "to see the concrete" for the entire driveway; and on this occasion he saw the concrete for the entire driveway.

In view of the obvious differences the parties had as to the all-important facts in this case, the trial judge's grant of summary judgment to defendant was in error, based, as it was, on his conclusion that "no duty was owed by defendant L & F Maintenance Company to plaintiff to clear the entire driveway of snow and ice." As *Burke* and *Eichler* amply demonstrate, defective plowing can lead to liability, and here the testimony clearly shows that only the trier of fact can resolve that issue.

Accordingly, the judgment of the trial court must be and the same is hereby reversed.

Reversed.

BILANDIC, P.J., and EGAN*, J., concur.

*Justice Egan participated in this decision before joining the sixth division.