HILDA-ANNE CRANE *et al.*, Plaintiffs-Appellants, v. TRIANGLE PLAZA, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—91—0872

Opinion filed April 30, 1992.

John P. Martin and James P. Palermini, both of Huck, Bouma, Martin, Charlton & Zellner, P.C., of Glen Ellyn, for appellants.

Stephen M. Kightlinger and Michael J. Pavlisin, both of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellees Triangle Plaza, Inc., and West Chicago Ward Lumber Company.

Kevin J. Kawa, of Querrey & Harrow, Ltd., of Wheaton, for appellee Arthur J. Lootens & Son, Inc.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Hilda-Anne and Edgar G. Crane (the Cranes), appeal after the trial court granted summary judgment in favor of defendants, Triangle Plaza, Inc., and West Chicago Ward Lumber Company (collectively referred to as Triangle) and Arthur J. Lootens & Son, Inc. (Lootens), in a "slip and fall" action. The Cranes contend on appeal that the trial court erred in granting summary judgment because there was evidence establishing duty, breach and proximate cause on the part of defendants. We affirm.

At approximately 6:15 a.m. on December 22, 1987, Hilda-Anne parked her car in a parking lot adjacent to the West Chicago train station in West Chicago, Illinois. The parking lot was owned by Triangle. Triangle charged a fee for patrons to park in the lot.

Hilda-Anne had backed her car into a space so that the back end of the car abutted a snow pile encircling the perimeter of the lot. Hilda-Anne exited the car holding her briefcase and a purse in her right hand and a cup of coffee in her left hand. As she walked in front of her car toward the train station, her right foot slipped, and she fell in front of the left headlight of her car. Hilda-Anne stated at her deposition that she was looking straight ahead at the time she fell.

While on the ground, Hilda-Anne felt around and determined that she was lying on an ice patch approximately two feet by four feet in diameter. The ice, as well as the entire lot, was covered by a "dusting" of snow. The snow cover obscured the ice patch beneath it. Hilda-Anne sustained a broken right leg, among other injuries.

Edgar viewed the area of the accident approximately three hours after the accident. He described the area as uneven and full of holes, some shallower than others, containing ice. Hilda-Anne stated that some of the depressions were up to one inch deep. Edgar had to clear the light snow to view the ground. Although Edgar described the gravel parking lot as uneven, he stated that it was generally level, with no incline.

The parking lot in question was comprised of gravel, sand and dirt. Lootens provided snow removal and regrading services pursuant to an oral contract with Triangle. The lot had last been plowed on December 16, 1987, six days before the accident, after approximately an eight-inch snowfall. Warren VanWallingham, an employee with Lootens, stated in his deposition that the plowing blade dragged along the gravel as snow was removed from the lot. VanWallingham also stated that some snow would remain after plowing.

The temperature in the area in the few days before the accident had fluctuated above and below the freezing mark. Approximately an inch of rain fell on December 20, 1987. The night before the accident, a light "dusting" of snow fell. Hilda-Anne stated the day before she fell there was no ice on the parking lot, but there were areas containing packed snow, melted snow and puddles of water. Hilda-Anne also stated that she was "99 and 99/100%" sure that the snow melted, collected in the depressions and froze.

The Cranes filed their original complaint on August 23, 1989. Hilda-Anne sought damages of a personal, pecuniary and permanent nature. Edgar sought damages for loss of society, companionship, conjugal relations and services. Defendants filed motions for summary judgment. Lootens claimed that it owed no duty to the Cranes because it contracted with Triangle to remove snow, not ice. Triangle claimed that the Cranes could not establish any act on its part that proximately caused Hilda-Anne's injuries. The trial court granted summary judgment for defendants. The Cranes filed a timely notice of appeal.

The Cranes contend that there was evidence creating a genuine issue of material fact as to whether Lootens owed a duty to Hilda-Anne, whether each defendant breached a duty, and whether each breach was the proximate cause of her injuries. Lootens contends that the undisputed facts show that it owed no duty to plaintiffs. Lootens also contends that the Cranes have failed to present evidence that any act on its part created an unnatural accumulation of ice or snow. Finally, Lootens contends that the Cranes failed to demonstrate that any act of Lootens proximately caused Hilda-Anne's injuries. Trian-

gle's contentions are restatements of Lootens' contentions as to the unnatural accumulation of ice or snow, and proximate cause. Triangle also contends that plaintiffs failed to present evidence to show that Triangle had actual or constructive notice of the condition.

Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party to summary judgment is clear and free from doubt. (*Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 165.) The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact which should be tried. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) In making this determination, the evidence is to be construed strictly against the moving party and liberally in favor of the opponent. (*Tersavich v. First National Bank & Trust* (1991), 143 Ill. 2d 74, 80-81.) If the pleadings, depositions and affidavits reveal no genuine issue of material fact, then the moving party is entitled to summary judgment as a matter of law. Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 411.

In an action based on negligence, the plaintiff must set out sufficient facts establishing a duty owed by defendants to the plaintiff, a breach of the duty and that the injury was proximately caused by the breach. (*Vesey*, 145 Ill. 2d at 411.) If the court is unable to infer a duty on the part of defendants, no recovery by plaintiff is possible and summary judgment is proper as a matter of law. (*Vesey*, 145 Ill. 2d at 411.) In order to withstand a motion for summary judgment, plaintiffs must allege sufficient facts for a trier of fact to find that defendants were responsible for an unnatural accumulation of water, ice or snow which caused plaintiffs' injuries. *Stypinski v. First Chicago Building Corp.* (1991), 214 Ill. App. 3d 714, 716.

We note that Triangle does not claim that it owed no duty to Hilda-Anne, and therefore we choose not to address that issue. Thus, we first address whether Lootens owed a duty to Hilda-Anne in this situation. The Cranes argue that Lootens had a common-law duty to perform a voluntary undertaking in a nonnegligent manner, relying on *Eichler v. Plitt Theatres, Inc.* (1988), 167 Ill. App. 3d 685. The Cranes also argue that Lootens' duty was to remove *all* snow from the lot so as not to create an unnatural accumulation of ice, relying on *McCarthy v. Hidden Valley Village Condominium Association* (1989), 186 Ill. App. 3d 752.

Lootens argues that its duty under the oral contract with Triangle extended only to removing snow, not ice. Lootens also relies on *Eichler*, where the court granted summary judgment for the snow removal

contractor because the contract did not call for the removal of ice. *Eichler*, 167 Ill. App. 3d at 692.

■■ We find that *Eichler* is instructive here. As *Eichler* states, the snow removal contractor owes no duty to an injured party for injuries caused by a fall on the ice where the ice formed *naturally*. The plaintiffs in *Eichler* conceded that there was no unnatural accumulation of snow or ice at the time of the fall. (*Eichler*, 167 Ill. App. 3d at 688.) Here, the Cranes alleged in the pleadings that the unnaturally accumulated snow piles on the periphery of the parking lot created the ice that caused Hilda-Anne to fall. That allegation makes the holding in *Eichler* distinguishable.

Both Lootens and Triangle contend that the Cranes may not argue that the snow piles caused the ice formation as they did not rely on this theory in responding to the motions for summary judgment. Triangle relies on *Schuman v. Pekin House Restaurant & Lounge* (1981), 102 Ill. App. 3d 532, to support this argument. We find *Schuman* to be inapposite because in that case the new theory relied upon by the plaintiff was not contained in her complaint. Here, the Cranes' complaint contained an allegation that the snow piles created by plowing caused the ice patch to form. The Cranes are not raising this theory for the first time on appeal, so it is not waived.

Although we found the *Eichler* case distinguishable on its facts concerning the unnatural accumulation of snow or ice, the case is helpful in addressing the Cranes' argument that Lootens had a duty to remove *all* the snow on the parking lot. The *Eichler* court relied on *Burke v. City of Chicago* (1987), 160 Ill. App. 3d 953, as dispositive on this issue. In *Burke*, the city, pursuant to a written lease agreement with Northwest Airlines at Midway Airport, was to remove snow "as reasonably as may be done." (*Burke*, 160 Ill. App. 3d at 955.) The plaintiff fell on ice that had formed from the snow remaining after plowing. The court affirmed summary judgment for the city because the duty extended to "reasonable" removal, not removal of all snow. (160 Ill. App. 3d at 957.) Here, although the oral contract is silent as to the extent of the duty to remove snow, the duty would at least extend to removing snow in a nonnegligent manner. "Negligence" is defined as "[t]he omission to do something which a *reasonable* man * * * would do, or the doing of something which a *reasonable* and prudent man would not do." (Emphasis added.) (Black's Law Dictionary 1032 (6th ed. 1990).) Based on the *Burke* case, reasonable removal would not require removing all snow. Thus, because Lootens' contract with Triangle required no more than removing the snow in a reasonable, nonnegligent fashion, Lootens' duty did not extend to removing all

the snow on the parking lot. See *Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 38 (removal of snow that leaves an ice formation does not constitute negligence).

The Cranes' reliance on *McCarthy* to support the argument that Lootens' duty was to remove all snow is misplaced. In *McCarthy*, the plaintiff slipped and fell on an embankment of snow and ice on a portion of the driveway. Evidence was presented that the embankment extended 6 to 12 inches into the driveway. (*McCarthy*, 186 Ill. App. 3d at 757.) Thus, summary judgment was improper because there existed a question of fact as to whether the entire driveway was cleared of snow. The duty on the part of the snow removal contractor was to remove significant portions of snow, such as the remaining embankment. *McCarthy* simply does not stand for the proposition that every flake of snow be removed.

Lootens did not owe a duty to Hilda-Anne to remove ice caused by the natural accumulation of snow. (*Eichler*, 167 Ill. App. 3d at 692.) Also, Lootens did not owe plaintiffs a duty to remove *all* snow on the lot, but only to perform the job reasonably. The only duty Lootens owed plaintiffs was the duty to perform snow removal in a nonnegligent fashion. Absent facts that show this duty has been breached, summary judgment was proper.

We next determine whether a breach has occurred. To raise properly the issue of breach, the Cranes must show that the exposed ice upon which Hilda-Anne allegedly slipped and fell was an unnatural accumulation caused by the defendants. (*Eichler*, 167 Ill. App. 3d at 692.) The Cranes argue that they have shown that Lootens and Triangle allowed the unnatural accumulation of ice to form. The Cranes claim that the fact that unnatural snow piles existed, that a freezing-thawing cycle was occurring, that the parking lot contained some bumps and depressions, and that Hilda-Anne was nearly certain that the ice was unnaturally created raised the issue of breach as a matter of law.

Lootens and Triangle argue that the Cranes have not presented any evidence to support their assertion that the ice Hilda-Anne allegedly slipped and fell on was created by the unnaturally accumulated snow piles on the periphery of the parking lot. They claim that Hilda-Anne's statement that she was "99 and 99/100%" sure that the ice was unnaturally created has no factual basis.

■■ We find that the Cranes have failed to present a factual basis to support their assertion that the ice was created by an unnatural accumulation of snow. Thus, the trial court did not err in granting summary judgment for all defendants. "A finding of an unnatural or ag-

gravated natural condition must be based upon an *identifiable* cause of the ice formation." (Emphasis added.) (*Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 557.) Plaintiffs have failed to show a nexus between the snow pile on the periphery of the parking lot and the ice in the depressions of the lot. The only evidence truly linking these two physical realities was Hilda-Anne's statement that she was "99 and 99/100%" sure that the ice was formed by the melting of unnaturally accumulated snow. This assertion, based on complete speculation, is not enough to raise a genuine issue of fact as to whether the ice was created by unnatural accumulation of snow.

The cases relied upon by the Cranes present no question as to the factual nexus between the unnatural accumulation of snow and the ice that was allegedly created by the run-off from that unnatural accumulation of snow. In *Gilberg*, summary judgment was upheld because the plaintiff presented no evidence as to the source of the ice. (*Gilberg*, 126 Ill. App. 3d at 558.) The question of a link between the source of the water and the creation of the ice was not relevant in *Gilberg* since no source was shown to exist.

In *Johnson v. Sears, Roebuck & Co.* (1989), 186 Ill. App. 3d 725, the store had allowed an open bag of garden soil to lie near the entrance of the store. The court found that the existence of the soil was sufficient to withstand summary judgment on the issue of whether an unnatural condition caused plaintiff to slip and fall inside the entrance of the store. (*Johnson*, 186 Ill. App. 3d at 727-28.) Here, there is no such clear-cut evidence that an unnatural condition contributed to Hilda-Anne's fall.

Both *Sims v. Block* (1968), 94 Ill. App. 2d 215, and *McCarthy* (186 Ill. App. 3d 752) were cases in which the plaintiffs slipped and fell while walking on unnatural mounds of snow and ice created by the snow removal contractor. No factual nexus between the original source and the subsequent ice was needed. Moreover, both *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, and *Webb v. Morgan* (1988), 176 Ill. App. 3d 378, were cases where the slope of the parking lot was a material fact in evidence. The slope of the parking lot established the factual nexus between the source of the water and the ice that was created. However, we recognize that neither *Fitzsimons* nor *Webb* was a case decided on summary judgment.

Even the mere existence of a slope in the lot is not enough to defeat a motion for summary judgment. In *Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, the court stated:

> "When a plaintiff alleges that the design of a sloping surface created an unnatural accumulation of ice, there must be evi-

dence presented of the dangerous nature of the slope, that the slope was the proximate cause of the plaintiff's injuries and that the landowner had notice of the defect. [Citation.] Once such evidence has been produced, the issue of whether the slope was a dangerous condition which created an unnatural accumulation of ice is a question of fact." (*Wells*, 171 Ill. App. 3d at 1015-16.)

Here, not only are the other allegations relating to the slope of the lot missing, but the Cranes do not claim that the parking lot was sloped. Edgar stated in his deposition that the lot was generally level with no incline. Hilda-Anne also stated that the area of the parking lot where she fell was "comparatively flat." Thus, the issue of whether the lot was sloped is not disputed. Without such evidence, we have no link between the snow piles and the ice upon which Hilda-Anne allegedly slipped and fell.

Finally, the Cranes rely on *Hankla v. Burger Chef Systems, Inc.* (1981), 93 Ill. App. 3d 909, for the proposition that a parking lot which is rough and full of holes is an unnatural surface as a matter of law. (*Hankla*, 93 Ill. App. 3d at 911, citing *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153.) The Cranes posit that a question of fact is always raised concerning "unnatural conditions" when ice exists on a rough, bumpy parking lot. Neither *Hankla* nor *Geraghty* stands for this proposition. The *Geraghty* case is inapplicable because the case did not involve a slip and fall on unnaturally accumulated ice or snow. There, the plaintiff fell over a pole and a railroad tie which were lying in the parking lot and concealed by weeds and grass. (*Geraghty*, 5 Ill. 2d at 156.) Although the grading and roughness of the parking lot was discussed in *Geraghty*, the court did not impose liability for the rough, bumpy condition of the lot, as the *Hankla* court suggests. *Hankla*, 93 Ill. App. 3d at 911.

■■ We do not expect, nor does the law require, that plaintiffs prove their case at a summary judgment hearing, but they must present some facts to show that the ice was unnatural or caused by defendant. (*Gilberg*, 126 Ill. App. 3d at 558.) Here, the Cranes presented no factual basis to support their assertion that the unnaturally accumulated snow piles encircling the parking lot contributed to the formation of ice upon which Hilda-Anne allegedly slipped and fell. Without a factual link between the water source and the ice formation in question, summary judgment is proper since we determine that breach has not been adequately shown as a matter of law.

Because summary judgment is upheld on the issue of breach, we choose not to address the issues of whether Triangle had actual or

constructive notice of the condition and whether proximate cause was adequately alleged.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

UNVERZAGT and NICKELS, JJ., concur.