NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued August 3, 2011
Decided August 25, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-1584

| | |
|---|---|
| TINA ASMUS, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| v. | |
| | No. 1:09-cv-02571 |
| MAC'S CONVENIENCE STORES, LLC, | |
| et al., | John W. Darrah, |
| *Defendants-Appellees*. | *Judge.* |

**ORDER**

In this diversity tort case, Tina and Kevin Asmus appeal from the grant of summary judgment in favor of the owners of a convenience store and a snow-removal company they sued after Mrs. Asmus slipped and fell in the parking lot of the convenience store.  For the following reasons, we affirm.

On Christmas Day 2008, Mrs. Asmus, her husband, and their three children were driving from Pennsylvania to Iowa; they stopped and visited a Circle K convenience store in

Mokena, Illinois. On the way back to her car, Mrs. Asmus slipped and broke her leg. She later testified at a deposition that she never saw any snow or ice in the area where she fell — there had not been any snowfall that day — and she believes that she slipped on "black" ice. Mr. Asmus testified that he had noticed water and slush in the parking lot and saw a trail of water that ran from the sidewalk to the parking lot where his wife fell. Shortly after the incident, a cashier took photographs of the area where Mrs. Asmus fell. The photos show slick, wet, snowy and icy conditions near the site of the fall and small piles of snow on the sidewalk in front of the store.

Mr. and Mrs. Asmus sued the property owner, Equilon LLC, and the store owner, Mac's Convenience Stores, LLC, in the Circuit Court of Cook County for causing her injuries by either negligently removing or failing to remove accumulations of snow in the parking lot; Mr. Asmus alleged damages due to loss of companionship. In an amended complaint, the Asmuses added Mac's snow-removal company, Stay Green, Inc., as an additional defendant. Under the terms of its contract, Stay Green was required to plow the lot whenever there was more than 2 inches of snow and was required to shovel the sidewalk and salt the lot if there was a freezing accumulation. Although there had been less than 2 inches of snow, Stay Green plowed the Circle K lot on the day before Mrs. Asmus fell.

On the basis of diversity jurisdiction, the case was removed to federal court in the Northern District of Illinois. The defendants moved for summary judgment, and the district court granted the motion on the ground that under Illinois law the defendants were not responsible for removing natural accumulations of ice, and there was no evidence that the accumulation of ice in the parking lot was "unnatural."

On appeal the Asmuses first argue that there was sufficient evidence for a jury to reasonably conclude that Mrs. Asmus's injuries were the result of an unnatural condition — namely wet, "black" ice, which was created when snow from the sidewalk in front of the store melted and ran into the parking lot. But the snow and ice on the sidewalk and parking lot was a natural accumulation and the defendants thus cannot be liable for failing to remove it under the "natural accumulation rule," which provides that landowners and property holders have no duty to remove natural accumulations of ice, snow or water from their property. *See Krywin v. Chicago Transit Authority*, 938 N.E.2d 440, 447 (Ill. July 15, 2010); *Tzakis v. Dominick's Finer Foods, Inc.*, 826 N.E.2d 1285, 1289 (Ill. App. Ct. March 24, 2005). The Asmuses argue that Mac's is nonetheless liable because the slope of its parking lot caused the ice to form an unsafe condition, but summary judgment was appropriate on that theory because there was no evidence that the slope itself was dangerous, the slope proximately caused the injury, or that Mac's knew of the defect. *See Selby v. Danville Pepsi-Cola Bottling Co., Inc.*, 523 N.E.2d 697, 701

(Ill. App. Ct. May 12, 1988); *McCann v. Bethesda Hospital*, 400 N.E.2d 16, 20 (Ill. App. Ct. Dec. 28, 1979).

Next the Asmuses argue that the district court should not have granted summary judgment because the defendants had assumed a duty to remove all accumulations of snow and ice from the parking lot based on a Circle K guideline directing employees to remove snow from parking areas, and the snow-plowing contract between Mac's and Stay Green. The Asmuses argue that the district court erred when it distinguished their claim from cases holding that a property owner had assumed a duty to remove all snow based on an easement agreement, *see Eichler v. Plitt Theaters, Inc.*, 521 N.E.2d 1196, 1201 (Ill. App. Ct. March 28, 1988), or a contractual promise by a landlord to a tenant, *Tressler v. Windfield Village Co-op*, 481 N.E.2d 75, 77 (Ill. App. Ct. July 17, 1985); *see also Schoondyke v. Heil, Heil, Smart & Golee, Inc.*, 411 N.E.2d 1168, 1172 (Ill. App. Ct. Oct. 14, 1980), because here the defendants had also entered into commitments to clear away snow for the benefit of third parties. But general policies in an employee handbook are not contractual promises, *see Vickers v. Abbott Labs*, 719 N.E.2d 1101, 1113 (Ill. App. Ct. Sept. 30, 1999), and Circle K's internal guidelines do not commit the company to a higher duty of care. *See Rhodes v. Illinois Central Railroad Co.*, 665 N.E.2d 1260, 1272 (Ill. March 28, 1996); *Blankenship v. Peoria Park District*, 647 N.E.2d 287, 291 (Ill. App. Ct. Sept. 23, 1994). Furthermore, Stay Green's contract did not commit the company to do more than remove snow in a reasonable, nonnegligent fashion, *see Crane v. Triangle Plaza, Inc.*, 591 N.E.2d 936, 939-940 (Ill. App. Ct. 1992), and there is no evidence that it did otherwise.

AFFIRMED.