**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190619

Order filed April 19, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| ADELA MACIAS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0619 |
| | ) | Circuit No. 17-L-44 |
| WAL-MART STORES, INC., | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Raymond E. Rossi, |
| | ) | Judge, Presiding. |

JUSTICE LYTTON delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Trial court properly granted summary judgment to defendant in negligence
action filed by plaintiff who fell on ice in front of defendant's store where
plaintiff presented no evidence that defendant caused the unnatural
accumulation of ice.

¶ 2     Plaintiff Adela Macias fell on ice on the sidewalk in front of a Wal-Mart store in Joliet.
She later filed a complaint against defendant Wal-Mart Stores, Inc., alleging negligence.
Defendant filed a motion for summary judgment, which the trial court granted. Plaintiff appeals,
and we affirm.

¶ 3    Plaintiff was injured on January 18, 2015, between 5:00 and 5:30 p.m. when she fell on ice on the sidewalk in front of a Wal-Mart store in Joliet. Plaintiff's daughter, Anita Rae Beltran, was with plaintiff when she fell. As a result of her fall, plaintiff broke her wrist and had to undergo surgery.

¶ 4    At her deposition, plaintiff stated she slipped on a mixture of ice and water three feet wide by three feet long on the sidewalk in front of a fence near the Lawn & Garden department of the store. Plaintiff stated that she did not know the puddle contained ice until she stepped on it and heard it crack. Before stepping in the puddle, she thought it contained only water.

¶ 5    Plaintiff believed that ice from the puddle formed from water dripping down the side of a fence in the Lawn & Garden area. She did not know where the water came from and stated there was nothing nearby to indicate its source. Plaintiff did not know how the ice and water would have formed in the location where she fell other than through natural accumulation.

¶ 6    At her deposition, Beltran stated that it snowed a few days before plaintiff's fall. She did not know where the ice and water on the sidewalk came from or how it would have formed other than through natural accumulation. Beltran said there was no snow in the parking lot at the time of plaintiff's fall, but there "was water that was running down that was freezing." According to Beltran, "It was water that had melted because, like I said, days previously it had snowed."

¶ 7    The Lawn & Garden department was not open to the public in January 2015. No Wal-Mart employee saw plaintiff's fall, and neither plaintiff nor Beltran reported the fall immediately to Wal-Mart personnel after it occurred. Instead, they went straight to the hospital. Beltran reported plaintiff's fall to Wal-Mart employees three days later.

¶ 8    Climatological data from the National Oceanic & Atmospheric Administration showed that it snowed six days before plaintiff's fall. Climatological data also showed that on the day of

2

plaintiff's fall, the temperature dropped from a high of 39°F at 3:35 p.m. to 32°F by 5:35 p.m. and 29°F by 5:55 p.m.

¶ 9 Almost two years after her fall, plaintiff filed a complaint against defendant, alleging negligence. Defendant filed a motion for summary judgment. The trial court granted defendant's motion, finding (1) no evidence of an unnatural accumulation of ice, (2) no evidence that defendant had notice of the ice, and (3) the ice was an open and obvious condition.

¶ 10 Summary judgment is a drastic means of disposing of litigation and should be allowed only when the right of the moving party to summary judgment is clear and free from doubt. *Mitchell v. Jewel Food Stores*, 142 Ill. 2d 152, 165 (1990). The purpose of a summary judgment proceeding is to determine whether there are any genuine issues of material fact which should be tried. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). In making this determination, the evidence is to be construed strictly against the moving party and liberally in favor of the opponent. *Tersavich v. First National Bank & Trust Co.*, 143 Ill. 2d 74, 80-81 (1991). If the pleadings, depositions and affidavits reveal no genuine issue of material fact, then the moving party is entitled to summary judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2018); *Vesey v. Chicago Housing Authority*, 145 Ill. 2d 404, 411 (1991).

¶ 11 In an action based on negligence, the plaintiff must set out sufficient facts establishing a duty owed by the defendants to the plaintiff, a breach of the duty, and an injury that was proximately caused by the breach. *Crane v. Triangle Plaza, Inc.*, 228 Ill. App. 3d 325, 328 (1992). If the court is unable to infer a duty on the part of defendants, no recovery by plaintiff is possible and summary judgment is proper as a matter of law. *Id.*

¶ 12 Under the natural accumulation rule, a landowners or possessors of real property have no duty to remove natural accumulations of ice, snow, or water from their property. *Krywin v.*

3

*Chicago Transit Authority*, 238 Ill. 2d 215, 227 (2010). To withstand a motion for summary judgment in a slip-and-fall case involving ice, the plaintiff must allege sufficient facts for a trier of fact to find that defendant was responsible for an unnatural accumulation of water, ice or snow that caused the plaintiff's injuries. *Hornacek v. 5th Avenue Property Management*, 2011 IL App (1st) 103502, ¶ 30; *Crane*, 228 Ill. App. 3d at 328; *Stypinski v. First Chicago Building Corp.*, 214 Ill. App. 3d 714, 716 (1991). To do so, the plaintiff must allege an "identifiable cause of the ice formation." *Kasper v. McGill Management Inc.*, 2019 IL App (1st) 181204, ¶ 26; *Gilberg v. Toys "R" Us, Inc.*, 126 Ill. App. 3d 554, 557 (1984). "We do not expect, nor does the law require, that plaintiffs prove their case at a summary judgment hearing, but they must present some facts to show that the ice was unnatural or caused by defendant." *Crane*, 228 Ill. App. 3d at 332 (citing *Gilberg,* 126 Ill. App. 3d at 558).

¶ 13    Here, plaintiff presented no facts showing that she fell on ice that unnaturally accumulated or was caused by defendant. Neither plaintiff nor Beltran knew how the water and ice formed on the sidewalk but agreed they likely resulted from natural accumulation. Beltran stated that it snowed a few days before plaintiff's accident and that the ice on the sidewalk was the result of snow melting and refreezing. There was no evidence to indicate that the ice was not a natural accumulation or that defendant caused the ice to refreeze in the area where plaintiff fell. Under these circumstances, the trial court properly granted summary judgment to defendant. See *Kasper*, 2019 IL App (1st) 181204, ¶ 26; *Jordan v. Kroger Co.*, 2018 IL App (1st) 180582, ¶ 41; *Crane*, 228 Ill. App. 3d at 332; *Gilberg*, 126 Ill. App. 3d at 558.

¶ 14    The judgment of the circuit court of Will County is affirmed.

¶ 15    Affirmed.

4